UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GREGORY BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:14-cv-623 |
| v. | : | |
| | : | (Judge Kosik) |
| CLINICAL DIR. MACE-LIEBSON, et al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Before the Court are Plaintiff's Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, we will adopt the Magistrate Judge's recommendation that Plaintiff's Motion for an Order Allowing Adequate Law Library Time be denied.

### I. BACKGROUND

Plaintiff is a federal prisoner who has sued correctional staff, *pro se*, alleging a variety of Bivens claims (Doc. 1). Pending in the Court is Defendants' motion to dismiss, or in the alternative, motion for summary judgment (Doc. 29). Plaintiff has opposed the motion and filed a motion for greater law library access (Doc. 47). The parties fully briefed this motion. On September 22, 2015, the Magistrate Judge issued an R&R (Doc. 58), recommending that Plaintiff's motion be denied.

### II. STANDARD OF REVIEW

When objections are filed to an R&R of a Magistrate Judge, the Court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. §

636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although the Court's review is *de novo*, the Court is permitted to rely upon the Magistrate Judge's proposed recommendations to the extent the Court, in the exercise of sound discretion, deems proper.  See U.S. v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### III. DISCUSSION

The Magistrate Judge construed Plaintiff's motion concerning his law library access, as a motion for a preliminary injunction, because the motion seeks some form of mandatory relief from prison officials.  The Magistrate Judge examined Plaintiff's motion under the preliminary injunction standards, and found that Plaintiff had not shown a reasonable probability of success on the merits, nor an irreparable harm justifying a preliminary injunction.

Plaintiff objects to the Magistrate Judge construing the motion as a preliminary injunction, and seeks to clarify why he filed the instant motion.  Plaintiff asserts that he filed the motion not for greater access to the law library, but for the Court to inform prison officials that this Court's Local Rules control filing deadlines and that the Court does not issue a separate order stating what the deadlines are to file supporting or opposing briefs to motions.

The Court first notes that this is not the first time this issue has been brought to the Court's attention.  This Court's Local Rules, particularly in the instant action, Rules 7.5 and 7.6, give a party fourteen (14) days to file a brief in support of, or a brief in opposition to, a motion.  The consequence for the failure to do so is grave.  Local Rule 7.5 states, "Within fourteen (14) days after the filing of any motion, the party filing the motion *shall* file a brief in support of the

motion . . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." (Emphasis added). Local Rule 7.6 states,

> Any party opposing any motion, other than a motion for summary judgment, *shall* file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule *shall* be deemed not to oppose such motion.
>
> A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, *shall* be filed within twenty-one (21) days after service of the movant's brief.

Rule 7.6, U.S. District Court for the Middle District of Pennsylvania Rules of Court (Emphasis added). Additionally, and apparently what the Plaintiff seeks to bring to light, is that the Court does not issue a separate scheduling order for briefing deadlines, as the parties are expected to comply with the Rules of Court.

The Magistrate Judge did correctly interpreted Plaintiff's motion for adequate law library access. Additionally, Plaintiff does not claim that his access to the law library has been inadequate. Therefore, we will deny Plaintiff's motion.

### IV. CONCLUSION

For the reasons set forth above, we will adopt the Magistrate Judge's recommendation and deny Plaintiff's Motion for an Order Allowing Adequate Law Library Time. The Court also clarifies that all parties, even pro se inmates, are required to comply with the filing deadlines found in the Court's Local Rules, and that the Court does not issue a separate scheduling order.