FILED
SCRANTON

AUG 18 2016

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY BROWN,                        :
                                      :
            Plaintiff,                :
                                      :
      v.                              : CIVIL NO. 3:CV-14-623
                                      :
CLINICAL DIRECTOR ELLEN               : (Judge Kosik)
MACE-LIEBSON, et al.,                 :
                                      :
            Defendants.               :

## MEMORANDUM

Presently before the court in the above civil rights matter filed pursuant to 28 U.S.C. § 1331, is Plaintiff's motion seeking the appointment of counsel in this case. (Doc. 94.)  For the reasons that follow, the motion will be denied without prejudice.

## I.    Background

This matter proceeds on an amended Bivens[1] complaint filed by Plaintiff Gregory Brown.  On March 15, 2016, this court issued a Memorandum addressing a motion to dismiss and for summary judgment filed by Defendants in the above matter. (Doc. 69.)  Named as Defendants are two individuals employed at FCI-Schuylkill, Pennsylvania, where the incidents are alleged to have taken place.  Named are Ellen Mace-Liebson, Clinical Director, and Associate Warden Cynthia Entzel.  Defendants'

---

[1] See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

motion was construed as one only seeking to dismiss the complaint because discovery had not yet taken place. Plaintiff had attempted to conduct discovery, but was denied this opportunity without prejudice. In the Memorandum of March 15, 2016, the court dismissed Defendant Entzel, finding that she lacked the requisite personal involvement. The discovery period has been enlarged, and Defendant Mace-Liebson has been granted leave to depose Plaintiff. Dispositive motions are due September 19, 2016. Plaintiff currently seeks the appointment of counsel in this case.

## II.    Discussion

In support of his motion for counsel, Plaintiff asserts the following: (1) he is indigent; (2) his case involves complex medical issues; (3) the court has found his case to have merit with respect to Defendant Mace-Liebson; (4) the case will turn on credibility determinations; (5) he lacks resources and is unfamiliar with the discovery rules; and (6) he needs counsel for his deposition. (Doc. 94.)

There is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28

2

U.S. C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts with respect to Defendant Mace-Liebson.[2]

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;
2. The difficulty of the particular legal issues;

---

[2] While Plaintiff is correct that the motion to dismiss filed by Mace-Liebson was denied, this does not necessarily mean that she will ultimately prevail in this lawsuit.

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff so far are clearly written, cite to pertinent legal authority, and detail the claims he desires to pursue. In fact, a review of the docket in this case clearly reveals that Plaintiff has a command of the procedure involved in pursuing this lawsuit. It is evident in reviewing Plaintiff's submissions that he is literate, intelligent and fully capable of litigating this action on his own. Moreover, the legal issues involved are not overly complicated and any concerns with respect to a trial at this point are premature. Moreover, although Plaintiff is concerned about his deposition, he is not entitled to a lawyer merely because he is being deposed. He filed this lawsuit and is certainly capable of being deposed without the assistance of counsel. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519

4

(1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion. An appropriate order will be issued.