UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 3:14-CV-623 |
| | : | |
| CLINICAL DIRECTOR ELLEN | : | (Judge Kosik) |
| MACE-LIEBSON, et al., | : | |
| | : | |
| Defendants. | | |

**MEMORANDUM**

In the instant case, Plaintiff moves to conduct the deposition by written interrogatories of the Defendant, the dismissed defendant A.W. Entzel, and non-party Joseph Rush, a Physician's Assistant, pursuant to Fed. R. Civ. P. 31 (Doc. 102). He contends that these individuals have information that is germane to his claims and that he needs this information to counter any summary judgment motion that may be filed by Defendant Mace-Liebson. (Doc. 103, Pl. Br.)

In conducting a deposition by written interrogatories pursuant to Rule 31, Plaintiff must be prepared to fully explain how he will be able to comply with the requirements of said Rule. He would need to identify the "officer before whom the deposition is to be taken" and indicate whether the proposed officer has agreed to the assignment. See Fed. R. Ci. P. 31(a)(3) and (b). Furthermore, he must also demonstrate his financial ability and willingness to pay all costs attendant to his

depositions (i.e. any costs of the officer taking the deposition and all postage involved).  See Fed. R. Civ. P. 30(c), (e) and (f).  "There is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."  Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

With this said, Plaintiff's motion for leave to conduct the depositions of Defendant and the others by written questions will be denied without prejudice to Plaintiff to advise the court how he will finance and take the depositions by written interrogatories within the mandate of Rule 31.  Plaintiff is further reminded that discovery is currently scheduled to close on October 18, 2016.  (Doc. 99.)

An appropriate order follows.