UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY BROWN,                         :
                                       :
    Plaintiff,                         :
                                       :
  v.                                   :  CIVIL NO. 3:14-CV-623
                                       :
CLINICAL DIRECTOR ELLEN                :  (Judge Kosik)
MACE-LIEBSON, et al.,                  :
                                       :
    Defendants.                        :

## MEMORANDUM

Presently before the court in the above civil rights matter filed pursuant to 28 U.S.C. § 1331, is Plaintiff's renewed motion seeking the appointment of counsel in this case (Doc. 108) and Defendant's motion for enlargement of time nunc pro tunc within which to submit supplemental discovery responses to Plaintiff (Doc. 109). For the reasons that follow, the renewed motion will be denied without prejudice, and Defendant's motion will be accepted as timely and will be granted. The supplemental discovery responses shall be served on Plaintiff by October 18, 2016.

**I.  Renewed request for counsel**

In support of his renewed motion for counsel, Plaintiff basically asserts that he is in need of counsel: (1) to conduct discovery; (2) because he is indigent, lacking in anything but a basic legal understanding, and unable to obtain counsel; (3) his case involves complex medical issues that only a medical expert obtained by counsel can

present to a jury; (4) the court has found his case to have merit; and (5) the Health Services Staff has resisted discovery requests and fabricated medical records. (Doc. 108.)

As previously discussed, there is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993). Plaintiff acknowledges this much.

The current circumstances clearly do not warrant the appointment of counsel for this inmate. It is clear that he can litigate this case on his own at the current time, and there is no likelihood that he will be substantially prejudiced if forced to litigate this action without the aid of an attorney. While it is true that the court has partially denied Defendants' motion to dismiss, and that this case proceeds against Defendant

2

Mace-Liebson, any concern with respect to a trial at this point is premature. See generally Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Even assuming that the case has arguable merit in law and facts with respect to Defendant Mace-Liebson, it is clear that Plaintiff is able to litigate this matter on his own. He is able to present facts and arguments and has even recently been partially successful with respect to a motion to compel he has filed. (Docs. 106, 107.) To the extent Plaintiff believes his medical records have been "altered," he has failed to provide the court with any support for such speculation. As such, Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. While Plaintiff would clearly prefer to have an attorney appointed to prepare/submit his discovery requests, he certainly is not entitled to it. Moreover, the court does not consume the expense of discovery for indigent litigants. As such, it cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. Once again, this Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel at this time, and his pending renewed motion for counsel (Doc. 108) will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

**II.     Defendant's Nunc Pro Tunc Motion for Enlargement**

Defendant Mace-Liebson has filed a nunc pro tunc motion seeking a short enlargement of time (Doc. 109) within which to provide Plaintiff with supplemental responses to discovery requests in accordance with this court's Memorandum and Order of September 29, 2016 (Docs. 106, 107).  In support thereof, Defendant argues that she is seeking the desired information from the Human Resources Department, but has not yet received it.  She also cites to a clerical error in the United States Attorney's Office explaining why the motion was not filed by October 13, 2016.  (Doc. 109 at ¶¶ 5, 6.)

Because the enlargement sought by Defendant is short, and the information is to be provided to Plaintiff pursuant to a court order, the motion will be accepted as timely filed and will be granted.  Defendant shall provide the responsive information to Plaintiff by October 18, 2016.  An appropriate order follows.