# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY BROWN,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:14-0623** |
| : | |
| v : | |
| : | **(JUDGE MANNION)** |
| **ELLEN MACE-LIEBSON,** : | |
| : | |
| **Defendants** | |

## MEMORANDUM

## I. Background

Plaintiff, Gregory Brown, an inmate currently confined in the Federal Correctional Institution, Talladega, Alabama, filed the above captioned Bivens[1] action pursuant to 28 U.S.C. §1331.[2] (Doc. 1). The matter proceeds via an amended complaint. (Doc. 15). Brown complains of events which occurred at his former place of confinement, the Federal Correctional Institution, Schuylkill (FCI-Schuylkill), Pennsylvania. Id. The named Defendants are FCI-Schuylkill employees Ellen Mace-Liebson, Clinical Director and Cynthia Entzel, Associate Warden. Id. Specifically, Brown contends that while housed at SCI-Schuylkill, Defendants were deliberately

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[2] This action was transferred to the undersigned by verbal Order of February 21, 2017.

indifferent to his serious medical needs. Id. For relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief for "the actions of Defendants Mace-Liebson and Entzel in the delay and/or denial of Brown's medical care [which] has resulted in the unnecessary and wanton infliction of pain and the possibility of a life-long handicap or permanent loss." Id.

By Memorandum and Order dated March 15, 2016, Defendant Entzel was dismissed from the complaint and the action was permitted to proceed with discovery and the filing of dispositive motions. (See Docs. 69, 70).

By Memorandum and Order dated September 29, 2017, the Court granted summary judgment in favor of the remaining Defendant, Dr. Ellen Mace-Liebson and the case was closed. (Docs. 145, 146).

Presently before the Court is Plaintiff's motion to strike Defendant's declaration in support of her motion for summary judgment, (Doc. 149) and Plaintiff's motion for reconsideration. (Doc. 151). The motions are fully briefed and are ripe for disposition. For the reasons that follow, Plaintiff's motion to strike and motion for reconsideration will be denied.

## II. **DISCUSSION**

A motion for reconsideration is a device of limited utility. It may be used

only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the

context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In support of his motion for reconsideration, Plaintiff states that "reconsideration is necessary here, as this motion asks the Court to address three issues: (1) application of the law of the case doctrine with regard to Judge Kosik's March 15, 2016 Memorandum and Order regarding Defendant's initial motion to dismiss; (2) the propriety of the Court's grant of summary judgment in favor of Defendant with regard [to] subjective denial/delay of medical treatment that took place at FCI-Schuylkill, and (3) whether the undisputed facts of record supports Defendant's professional judgment, to allow Brown to unnecessarily suffer in pain, causing Brown to seek a transfer from FCI-Schuylkill to receive previously denied medical treatment. (Doc. 152).

Brown's amended complaint alleges that Defendants were deliberately indifferent to his serious medical needs concerning a back injury he sustained by lifting heavy weights while confined at FCI-Schuylkill. (Doc. 15).

On December 29, 2014, Defendants filed a motion to dismiss and for

summary judgment, (Doc. 29), arguing that Brown failed to show a deliberate indifference to a serious medical need, that Defendant Entzel lacked personal involvement in the alleged constitutional claim and that Defendants were entitled to qualified immunity. (Doc. 30).

By Memorandum and Order dated March 15, 2016, Judge Kosik construed Defendants motion solely as a motion to dismiss, dismissed the claims against Defendant Entzel, based on her lack of personal involvement and found the following with respect to Defendant Mace-Leibson:

> Without passing judgment as to the ultimate success of Plaintiff's claims against Defendant Mace-Leibson, in construing the complaint in the light most favorable to Brown, the court will allow said claims to proceed at this juncture. The court finds that Brown has at least alleged sufficient facts in the complaint to allow his claim against Mace-Leibson to proceed and to permit Brown to conduct discovery in an attempt to oppose any summary judgment motion refiled by Mace-Leibson.

(Doc. 69). Because the Court construed the Defendants' motion solely as a motion to dismiss, it denied Brown's requests to submit exhibits *nunc pro tunc*, and advised him that he could resubmit them in opposition to any motion for summary judgment filed by Defendant Mace-Liebson. Id.

Brown argues that Judge Kosik's finding that Plaintiff's amended complaint alleged sufficient facts to survive a motion to dismiss, constitutes the "law of the case", which the Court should have applied in its decision

5

granting summary judgment. Plaintiff is mistaken. Judge Kosik's acceptance of Plaintiff's factual allegations, was solely to adjudicate the Defendants' motion to dismiss, permit the parties to engage in discovery concerning Plaintiff's allegations, after which, both parties were permitted an opportunity to file dispositive motions. Consequently, Judge Kosik's acceptance of Plaintiff's allegations did not create the law of the case, to be applied to Defendant Mace-Leibson's summary judgment motion. Thus, Plaintiff's first claim for reconsideration is without merit.

Moreover, Plaintiff's next two claims for reconsideration, "the propriety of the Court's grant of summary judgment in favor of Defendant with regard [to] subjective denial/delay of medical treatment that took place at FCI-Schuylkill, and whether the undisputed facts of record supports Defendant's professional judgment, to allow Brown to unnecessarily suffer in pain, causing Brown to seek a transfer from FCI-Schuylkill to receive previously denied medical treatment," are simply Plaintiff's attempt to re-litigate the matters already considered and disposed of by this Court.

To the extent that Brown argues that this Court failed to resolve disputed factual issues in his favor, and incorrectly referred to medical records concerning treatment he received after he left FCI-Schuylkill, and requests

that the Court reexamine the evidence he submitted and deny Defendant Mace-Leibson's motion for summary judgment, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). As such, Plaintiff presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Summary judgment was properly granted to Defendant Mace-Leibson, and Plaintiff's motion presents nothing more than a mere disagreement with her professional opinion as a physician; the crux of Brown's action. Accordingly, the Court finds that the Memorandum and Order of September 29, 2017, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected that decision. Consequently, the motion for reconsideration and motion to strike Defendant Mace-Leibson's declaration will be denied.

An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 16, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0623-02.wpd